**FILED**

March 2 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0353

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 39N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

DARRYL LEWIS FROST,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 00-936
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Darryl Lewis Frost (self represented), Deer Lodge, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Mark W. Mattioli, Assistant
Attorney General, Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney; Rod Souza, Deputy County
Attorney, Billings, Montana

Submitted on Briefs: February 16, 2011
Decided: March 1, 2011

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Darryl Frost (Frost) appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, denying his Motion to Withdraw Guilty Plea as untimely. We affirm.

¶3 On November 21, 2001, Frost entered an *Alford* plea to the charge of mitigated deliberate homicide. At the time Frost entered his plea, he signed an Acknowledgment of Waiver of Rights by Alford Plea of Guilty wherein he stated "I am pleading guilty freely, voluntarily, and with a full understanding of the conditions of the plea agreement." Frost also represented that he was not suffering from a mental disease or defect which precluded the entry of his *Alford* plea. Finally, Frost stated that his attorneys "left the decision totally to me advising only of the consequences of going to trial." The District Court accepted Frost's plea. The Judgment and Commitment was entered on April 3, 2002. Frost did not appeal or petition for sentence review.

¶4 Frost filed a Motion to Withdraw Guilty Plea on June 3, 2010. Frost argued that, at the time of his plea, he was unable to assist counsel in his defense because he had no recollection of the events surrounding the homicide, and was therefore legally incompetent. Frost did not claim he was innocent. The District Court found that Frost's statements in the Acknowledgment of Waiver of Rights by Alford Plea of Guilty belied his argument, but in

2

any event, Frost's motion was untimely because it was filed seven years too late. Frost appeals.

¶5     We review *de novo* a defendant's motion to withdraw a guilty plea. *State v. Usrey*, 2009 MT 227, ¶ 12, 351 Mont. 341, 212 P.3d 279. We accept the district court's findings of fact unless they are clearly erroneous. *Id*. at ¶ 13. We review conclusions of law for correctness. *Id*.

¶6     Within one year after a judgment becomes final, the court may, for good cause shown, permit a guilty plea to be withdrawn. Section 46-16-105(2), MCA. The one year limitations period does not apply when there is a claim of innocence supported by evidence of a fundamental miscarriage of justice. *Id*. A judgment becomes final: 1) when the time for appeal to this Court expires; or, 2) if an appeal to this Court is taken, when the time for petitioning to the United States Supreme Court expires; or, 3) if review is sought in the United States Supreme Court, on the date that court issues its final order. *Id*.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. Frost's judgment became final June 3, 2002. He had until June 3, 2003, to file his Motion to Withdraw Guilty Plea. He did not. Frost's motion was untimely.

¶8     Affirmed.

                                              /S/ MICHAEL E WHEAT

3

We Concur:


/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE